UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 08-cr-00456-MSK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. JEFFREY HARRIS,
2. CATHERINE SENNINGER,

        Defendants.

## ORDER REGARDING ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS

**THIS MATTER** comes before the Court on the Government's original *James*[1] proffer **(#84)**, Defendant Catherine Senninger's objections **(#90, #94)**, and the parties' jointly submitted *James* submission **(#93)**. The issue before the Court is whether the proffered statements are properly admissible at trial under the co-conspirator exception to the hearsay rule.

Ordinarily, out of court statements sought to be admitted for the truth of the matter asserted are inadmissible as hearsay. Fed. R. Evid. 801. However, Fed. R. Evid. 801(d)(2)(E) provides that an out of court statement is not inadmissible hearsay if it is offered against a party and is made by "a coconspirator of a party during the course and in furtherance of the conspiracy." In order for this exception to apply, a court must find that: (1) a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the statements were made "in the course of and in furtherance of the conspiracy." *See United States v. Owens*,

---

[1] *United States v. James,* 590 F.2d 575, 582 (5th Cir. 1979).

70 F.3d 1118, 1123 (10th Cir. 1995). The statement itself can be considered in this analysis, but is not alone sufficient to establish the existence of a conspiracy or any participation in it. *See* Fed. R. Evid. 801(d)(2).

In the Tenth Circuit, a court may use one of two methods to determine whether an out-of-court statement falls within Fed. R. Evid. 801(d)(2)(E): (1) by holding a *James* hearing or (2) by evaluating the facial sufficiency of the Government's proffer. *See United States v. Gonzalez-Montoya*, 161 F.3d 643, 649 (10th Cir. 1998). If it opts for the latter method, there is no pretrial determination of admissibility as to any statement. Rather, a court assumes that the facts in the proffer will be proved and considers whether the identified statements could fall, or do not fall, under Rule 801(d)(2)(E). At trial, the Government must lay the foundation for admissibility of each statement before such statement may be presented, referred to by counsel, or admitted. In this case, the Court elects to evaluate the facial sufficiency of the Government's proffer without a hearing.

Having reviewed that proffer, the Court finds that the facts disclosed by the Government, if proven at trial, would establish a conspiracy involving Defendant Jeffrey Harris and Defendant Catherine Senninger, the object of which was to defraud the United States by obtaining tax refunds through filing amended tax returns based on false information. The proffer and the Indictment **(#1)** assert that the conspiracy began on or about February 18, 2004 and lasted through February 7, 2005.

The Government has proffered 60 statements that it contends fall within the scope of Fed. R. Evid. Rule 801(d)(2)(E). From the face of the proffer, it appears that statements 1, 2, 5–7, and 47–60 were made outside the time period of the conspiracy and, therefore were not made in the

course of it.  The dates on which statements 3, 4, 8–10, and 44–46 were made is unclear from the face of the proffer; thus, the Court cannot determine whether they were made in the course of or in furtherance of the conspiracy.  The remainder of the proffered statements, if offered for the truth of the matter asserted,[2] appear to have been made by members of the conspiracy in the course of and in furtherance of it.

      Thus, the Court makes a *preliminary* finding that the identified statements are either admissible or excluded under Rule 801(d)(2)(E).  This ruling is, of course, subject to proof at trial.  To the extent the Government's proof at trial regarding the scope and composition of the conspiracy differs from what was presented here, the admissibility of these statements under Rule 801(d)(2)(E) is subject to reconsideration upon timely objection by Defendant.

      Dated this 13th day of November, 2009

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge

---

[2] Some of the proffered statements do not appear to be hearsay and, therefore, need not be admitted under a hearsay exception.  For example, the allegedly fraudulent tax returns do not appear to be statements likely to be offered for the truth of their contents; they appear to be evidence of what was prepared and filed.